## STOCKHOLDER MAY SET UP DEFENSE FOR COMPANY.

Circuit Court of Cuyahoga County.

THE BUCKEYE GARAGE & SALES COMPANY AND L. C. YOUNG v. WILLIAM K. CALDWELL.

Decided, December 27, 1910.

*Corporations—Right of Stockholder to Intervene and Defend Case for Company—Professional Statements of Counsel—Striking Demurrable Pleading From Files.*

1. A stockholder who alleges that his company has a valid defense to a suit brought against it, but which managing officers wilfully and fraudulently refuse to make, will be allowed to intervene in the suit and defend for the company upon his tender of an answer stating valid matters of defense to the action and the making of a showing by evidence of reasonable grounds to believe that such defense can be finally proved upon a trial of the case, and that the officers whose duty it is to make it are wrongfully and fraudulently refusing to do so.

2. Professional statements by reputable attorneys are sufficient evidence of good faith and warrant the granting of leave to become a party to a suit and to file or amend pleadings.

3. Because a pleading is demurrable is no ground for striking it from the files; the proper practice is to consider the motion as a demurrer, grant it and then give leave to amend, if desired and proper.

*Calfee & Fogg,* for plaintiffs in error.
*Caldwell & Younger,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

A petition was filed in the common pleas court July 5, 1910, by Caldwell against the Buckeye company, setting up a judgment obtained by him against it in a justice court, and execution thereon returned unsatisfied, and praying for a receiver of the company to collect and distribute its assets to its creditors, including the plaintiff.

On the same day an answer to this petition was filed by W. R. Winn, as attorney for the company, sworn to by George E. Sherer as treasurer thereof, admitting the allegations of the

petition and consenting to the appointment of a receiver as prayed for.

Thereafter, on August 5, 1910, one L. C. Young was given leave to become a party defendant and file an answer and cross-petition by August 9, 1910, which he did file on August 6, 1910.

This answer and cross-petition set forth that Young was the president and a director of the company and owner of approximately one-half of the capital stock thereof; that Caldwell was attorney for certain other directors and stockholders, who, for the purpose of obtaining a receiver to take charge of the business so as to prevent Young and other stockholders from participating in the control of the business, caused the plaintiff to file a suit against the company before a justice of the peace, asking for judgment in the sum of $100 alleged to be due Caldwell for legal services rendered the company; that no summons was served upon the company; that an attorney without any authority from it entered the company's appearance and permitted judgment to be rendered against it; that all this was done without Young's knowledge; that thereupon plaintiff commenced this action for a receiver and the answer purporting to be the answer of the company was filed without the knowledge of Young; that no meeting of the board of directors was held to authorize or approve such action.

The answer then denies that Caldwell ever rendered any services to the company or that it was insolvent, and makes further allegations of a conspiracy between Sherer and other stockholders to freeze Young out of the company.

The prayer of the answer is that the receiver be dismissed and that the answer of the company be stricken from the files.

On August 10, this answer of Young was stricken from the files and he was also refused leave to file an amended answer and cross-petition setting up the further fact that he filed it in behalf of himself and all other stockholders similarly situated and more fully setting forth facts tending to prove a conspiracy between Scherer and two other directors to ruin the company for the purpose of getting rid of Young.   It also alleged that no demand had been made upon the board of directors for the re-

lief therein prayed for because three of the five directors of the company were concerned in the fraudulent scheme set forth and were actively assisting in carrying it out.

To the order striking Young's answer and cross-petition from the files and refusing him leave to file his amended answer, exception was taken and a bill of exceptions is filed in this court showing that the only evidence before the court when it made these orders was the amended answer itself, sworn to by Young as being true to the best of his knowledge and belief, and certain statements of his counsel tending to show his confident belief that he could establish the truth of its allegations by competent evidence, and counter statements of the plaintiff, a lawyer, but not under oath.

The law applicable to this case appears to be fairly stated by counsel for defendant in error as follows:

"The rule is that a stockholder, who alleges that his company has a valid defense to a suit brought against it but which managing officers wilfully and fraudulently refuse to make, will be allowed to intervene in the suit and defend for the company upon his tender of an answer stating valid matters of defense to the action and the making of a showing by evidence of reasonable grounds to believe that such defense can be finally proved upon a trial of the case and that the officers whose duty it is to make it are wrongfully and fraudulently refusing to do so. *Thompson on Cor.* (2d Ed.), Vol. 4, Section 4560; *Fitzwater* v. *Bank*, 62 Kan., 167."

It is presumed that this rule was complied with when leave was granted to Young on August 5, 1910, to become a party defendant and file an answer and cross-petition. The claim that the record does not show this is not important. The record does not show what evidence induced the court to grant the leave requested, but every reasonable intendment must be made in support of the judgment and so it is presumed that the court acted upon a sufficient showing.

That the first answer filed by Young was demurrable, may be conceded. It failed to show that he brought the action not only for himself but for all other stockholders similarly situated and it failed to show that he had called upon the company to defend the action and been refused, or that such demand was use-

less, because the controlling officers of the company would necessarily be antagonistic to the defense prepared.

But because a pleading is demurrable is no reason for striking it from the files; it would seem that the proper practice would be to consider the motion as a demurrer, grant it and then give leave to amend, if desired and proper.

Of course motions for leave to amend are addressed to the sound discretion of the court, but in this case the applicant for leave presented a perfectly good answer, and his attorney, an officer of the court, represented that he expected to be able to sustain all its allegations by evidence. It would seem, then, to be a clear abuse of discretion to refuse leave to file such an amended pleading.

Should we be wrong in holding that there was error in striking Young's first answer from the files, still it appears that his application for leave to file an amended answer within the rule claimed entitled him to file the pleading.

He tendered an answer stating valid matters of defense to the action and made a showing, by evidence, of reasonable grounds to believe that such defense could be finally proved upon trial of the case and that the officers whose duty it was to make it were wrongfully and fraudulently refusing to do so.

He was only required to make a *prima facie* showing of these facts, not prove them, as upon trial. His evidence was the answer itself, duly sworn to by Young, not absolutely as an affidavit, but sufficiently for the *prima facie* purpose required.

His counsel stated professionally his belief that he could sustain the allegations of the answer by evidence.

Such professional statements by reputable attorneys have always been received by the courts as sufficient evidence of good faith and as warranting the granting of leave to become a party to a suit and to file or amend pleadings.

No precedent to the contrary has been cited. No intimation has been made that Young's counsel is not of the best repute. Indeed we know he is.

For the reasons stated the orders striking Young's answer from the files and refusing leave to file his amended answer are reversed and the cause is remanded for further proceedings according to law.